**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-02477 WYD KMT

PAUL ANDREW BOERGER,

      Plaintiff,

v.

FIDELITY INVESTMENTS,

      Defendant.

---

**RESPONSE TO PLAINTIFF'S PURPORTED AMENDED COMPLAINT**

On January 4, 2011, Plaintiff Paul Boerger ("Plaintiff"), appearing *pro se*, filed a letter with the Court and an attached Civil Cover Sheet, identifying the latter as "an amended complaint," Dkt #23 (hereinafter, "Letter Submission"). To the extent the Court considers Plaintiff's Letter Submission as a Motion for Leave to File an Amended Complaint, or the Civil Cover Sheet as an amended complaint, Defendant Fidelity Workplace Services LLC (incorrectly named in the Complaint as "Fidelity Investments")[1] now submits this Opposition thereto.

**Background**

Plaintiff filed a "Complaint Under Simplified Civil Procedure" in the Larimer County Court of the Eighth Judicial District, State of Colorado, on September 13, 2010. Defendant timely removed the matter to this Court because Plaintiff asserts claims relating to the administration of the pension benefits he accrued under the HP 401(k) Retirement Plan, an

---

[1] No entity exists with the name "Fidelity Investments." Fidelity Investments Institutional Operations Company, Inc. ("FIIOC") is the entity who removed this case to this Court because its name most closely resembles "Fidelity Investments." The proper Defendant is Fidelity Workplace Services LLC, the entity that provides certain recordkeeping services to the HP 401(k) Plan.

1

employee pension benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq*. Plaintiff alleges this plan "was held by Fidelity Investments," and in his original Complaint seeks restitution in the amount of $15,000.00 for damages allegedly caused by Defendant's alleged failure timely to provide the information Plaintiff requested regarding his plan benefits. *See* Complaint ¶ 4, attached as Exhibit A to Notice of Removal, Dkt # 1. Defendant filed its Answer to Plaintiff's Complaint on October 19, 2010, Dkt # 5.

The parties conferred to prepare a proposed scheduling order in accordance with the Court's October 22, 2010 Order, Dkt. #9. At that time, Plaintiff advised Defendant's counsel that he would now be seeking damages in the amount of $2,002,807.72. *See* December 9, 2010, e-mail from Plaintiff, attached hereto as Exhibit 1. The parties' proposed scheduling order, filed with the Court on December 28, 2010, included Plaintiff's new damages demand along with Plaintiff's statement that "[d]ue to Defendant's unilateral change in venue, the Plaintiff now seeks the following reimbursements and damages due to Defendant's negligence." Dkt # 19. The proposed scheduling order also included Defendant's statement that Plaintiff had not filed an amended complaint setting forth new claims or enumerating the newly asserted damages. *Id.,* p. 7.

On December 29, 2010, Plaintiff e-mailed a Civil Cover Sheet to Defendant's counsel and identified it as his "amended complaint." *See* e-mail of December 29, 2010, attached hereto as Exhibit 2.

At the Case Management Conference before Magistrate Judge Tafoya on January 4, 2011, Mr. Boerger was present in the courtroom and counsel for Defendant participated by telephone. During the conference, Mr. Boerger advised the Court that he had mailed an

2

"amended complaint" to the Court. Magistrate Judge Tafoya advised Mr. Boerger that he was required to comply with the Federal Rules of Civil Procedure with respect to the filing of an amended complaint, and advised him expressly that he needed to comply with Fed.R.Civ.P. 15.

On January 20, 2011, Counsel for Defendant spoke with Mr. Boerger by telephone, and inquired as to whether Mr. Boerger intended to file a Motion to Amend in accordance with the Federal Rules of Civil Procedure and the Court's verbal instruction. Mr. Boerger stated that he planned to do so. On January 23, 2011, Counsel for Defendant received an e-mail from Mr. Boerger, with an attached "Motion to Amend the Plaintiff's Complaint to Include Expenses, Losses, Injury, and Punitive Damages to Date," advising that Mr. Boerger planned to mail the attached motion to this Court on January 24, 2011. Defendant is responding herein to the Letter Submission as if it were a "motion," and will respond in a timely manner to any additional motions that Mr. Boerger files with the Court.

**Argument**

The Letter Submission is not and should not be deemed to be a Motion for Leave to File Amended Complaint, and thus should be stricken; however, if the Court considers the Letter Submission as a Motion for Leave to file the Civil Cover Sheet as an amended complaint, Defendants asks that the Court deny Plaintiff's Motion.

### 1. *Plaintiff has not filed a proper Motion for Leave to File Amended Complaint*

Pursuant to Fed.R.Civ.P. 15, a party may amend its pleading once as a matter of course within 21 days after serving it, or 21 days after service of a responsive pleading. Fed.R.Civ.P. 15(a). Plaintiff could have amended his Complaint within 21 days after Defendant filed its answer on October 19, 2010, *i.e.*, by November 10, 2010, but did not do so. In all other cases, as in this case, Plaintiff is permitted to amend his pleading only with Defendant's written consent or

3

the Court's leave. Fed.R.Civ.P. 15(a)(2).  Plaintiff neither sought consent from Defendant nor sought to obtain leave of Court.  If an amended pleading "that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval."  Wright and Miller, FEDERAL PRACTICE AND PROCEDURE: Civil 3d § 1484, 601 (2004).

That Plaintiff is appearing *pro se* does not diminish his obligation to comply with the Federal Rules.  *See Merryfield v. Jordan*, 584 F.3d 923, 924 n.1 (10th Cir. 2009) (noting that although the court liberally construes a *pro se* party's pleadings and other papers, the court does not assume the role of advocate, and *pro se* status does not relieve party of obligation to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure) (citations omitted).  Magistrate Judge Tafoya advised Plaintiff of this obligation during the Scheduling Conference on January 4, 2011.  Further, pursuant to the local rules of this Court, a *pro se* party must use the forms established by this Court. D.C.Colo.LCivR 8.1.  *See Wilson v. City of Aurora*, No. 09-cv-02138-WYD-BNB, 2010 WL 3522568 (D. Colo. July 27, 2010) (denying pro se party's motion for leave to file amended complaint due to many deficiencies, including that complaint was not on court's form and failed to comply with requirements of Fed.R.Civ.P. 8).

Plaintiff's Letter Submission fails to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court.  Thus, to the extent it seeks leave to amend a complaint, such request should be denied.

6978/28042-025 Current/21894461v1

2. ***Even if the Letter Submission is construed as a Motion for Leave to File an Amended Complaint, such Motion should be denied because the purported amendment would be futile***

Fed. R. Civ. P. 15(a) makes clear that permission to amend a complaint is not to be given automatically, but is allowed only "when justice so requires." The Supreme Court has held that futility is a reasonable ground for denying a motion to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A motion to amend is properly denied on futility grounds when the proposed complaint cannot withstand a motion to dismiss for failure to state a claim. Plaintiff's purported amended complaint, filed as a Civil Cover Sheet, would not survive a Rule 12(b)(6) motion to dismiss; thus, to the extent the Court considers Plaintiff's Letter Submission to be a motion for leave to file an amended complaint, it should be denied.

To survive a motion to dismiss, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). The Supreme Court in *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) extended the reach of *Twombly,* instructing that under Fed.R.Civ.P. 8, complaints must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Plaintiff's purported amended complaint is so "threadbare" that no analysis is needed to conclude that it cannot suffice as a complaint. The court need not "round out" the allegations of a *pro se* party's complaint in analyzing whether it survives a motion to dismiss. *Velez v. Alicia*, No. 10-cv-01637-LTB-KLM, 2010 WL 5535681, at *2 (D. Colo. Dec. 20, 2010) (recommending

5

that motion to dismiss *pro se* complaint be granted, and noting that although it should liberally construe filings of a *pro se* litigant, the court should not supply additional allegations to round out the complaint or construct a legal theory on his behalf, and *pro se* litigants must follow the same procedural rules that govern other litigants).

Plaintiff's purported motion for leave to file amended complaint is futile because the purported amended complaint is dismissible under Fed.R.Civ.P. 12(b)(6) for failure to state a claim for relief.

WHEREFORE, Defendant requests that the Court strike Plaintiff's Letter Submission and direct Plaintiff to file a Motion for Leave to File an Amended Complaint, consistent with the Federal Rules of Civil Procedure, or, in the alternative, deny Plaintiff leave to file the Civil Cover Sheet as an amended complaint.

Dated: January 24, 2011                                  PROSKAUER ROSE LLP

*s/ Howard Shapiro*
Howard Shapiro
Heather G. Magier
Proskauer Rose LLC
650 Poydras Street, Suite 1800
New Orleans, LA 70130
Telephone: 504-310-4084
Fax: 504-310-2022
howshapiro@proskauer.com
hmagier@proskauer.com

– and –

Paul S. Enockson
John B. Moorhead
303 East 17th Avenue, Suite 1100
Denver, CO 80203-1264
Telephone: 303.861.0600
Fax: 303.861.7805

penockson@bakerlaw.com
jmoorhead@bakerlaw.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this Opposition to Purported Amended Complaint was filed through the ECF system on January 24, 2011, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and via U.S. mail, postage prepaid, to Plaintiff at the following address:

Paul Andrew Boerger
5065 Stoneridge Drive
Loveland, Colorado 80537


/s/   Howard Shapiro