IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02477–WYD–KMT

PAUL ANDREW BOERGER,

    Plaintiff,

v.

FIDELITY INVESTMENTS,

    Defendant.

## ORDER

This matter is before the court on Plaintiff's "Motion to Amend the Plaintiff's Complaint to Include Expenses, Losses, Injury, and Punitive Damages to Date" (Doc. No. 25, filed January 25, 2011). Plaintiff seeks to amend his complaint to obtain "a more palpable and comprehenstive summary of expenses and damages . . . that includes reasonable reimbursement of fees, expenses, lost wages, mileage, missed gains, injury, and punitive damages to date . . . ." (*Id.* at 25.)

The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires. Fed. R. Civ. P. 15(a). Although the federal rules permit and require liberal construction and amendment of pleadings, the rules do not grant the parties unlimited rights of amendment. A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

When seeking leave of the court to amend a complaint, the motion to amend must detail the proposed amendments and the reasons why such amendments are necessary. In addition, the plaintiff must attach the proposed amended complaint to the motion. The proposed amended complaint must stand alone; it must contain <u>all</u> of the plaintiff's claims. Here, the plaintiff does not detail the amendments are necessary, nor does he attach a proposed amended complaint to his motion. As a result, it is impossible to determine if the proposed amendment is permissible.

Moreover, to the extent Plaintiff seeks to add a claim for exemplary damages pursuant to Colo. Rev. Stat. § 13-21-102, an award of exemplary damages is permissible when "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." Colo. Rev. Stat. § 13-21-102(1)(a). Plaintiff has made no allegations in this regard. Therefore, it is

**ORDERED** that Plaintiff's motion (Doc. No. 25) DENIED without prejudice.

Dated this 26th day of January, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge